```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
THE NEW YORK CITY DISTRICT COUNCIL                    :
OF CARPENTERS,                                        :
                                                      :
                          Petitioner,                 :
                                                      :    18 Civ. 1243 (KPF)
              v.                                      :
                                                      :    OPINION AND ORDER
THREE GUYS FLOOR COVERING                             :
WORKROOM INC.,                                        :
                                                      :
                          Respondent.                 :
                                                      :
------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 11, 2018

KATHERINE POLK FAILLA, District Judge:

Petitioner New York City District Council of Carpenters ("Petitioner") has filed a motion for summary judgment requesting two forms of relief. *First*, Petitioner seeks to confirm an arbitration award issued under Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185. *Second*, Petitioner moves to recover the attorney's fees and costs it has incurred in seeking to confirm those awards. The motion is unopposed; Respondent Three Guys Floor Covering Workroom Inc. did not appear in the underlying arbitration, and has not appeared before this Court. For the reasons set forth below, Petitioner's motion is granted in full.

# BACKGROUND[1]

## A. Factual Background

Petitioner is a labor union that "represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C. § 142." (Compl. ¶ 4). Respondent is "a corporation incorporated under the laws of the State of New York." (*Id.* at ¶ 5).

The case arises from Respondent's alleged breach of a collective-bargaining agreement with Petitioner: the Independent Resilient Floor Coverers Agreement that was effective from July 1, 2011, to June 30, 2015. (Pet'r 56.1 ¶¶ 1-7; *see also* Kevnick Decl. ¶ 5). The CBA covers "work jurisdiction over all resilient floor covering and related materials." (CBA, art. I, § B). At issue in this case, "[t]he CBA requires that all employers, including Respondent, notify [Petitioner] of the awarding of any contract to perform work under the trade and geographical jurisdiction of [Petitioner] ('Covered Work') and provide [Petitioner] with the name and location of each new job before it starts." (Compl. ¶ 10 (citing CBA, art. XIII § V)).

---

[1] This Opinion draws on facts from the Declaration of Heather Kevnick ("Kevnick Decl." (Dkt. #13)), and the exhibits attached thereto: the parties' collective-bargaining agreement ("CBA" (Dkt. #13-3)); the form detailing grievances against Respondent for failing to notify Petitioner of a job located at 435 West 116th Street, New York, New York ("Grievance Form" (Dkt. #13-4)); the Petitioner's Demand for Arbitration and Notice of Hearing ("Arbitration Demand" (Dkt.#13-5)); and the Opinion and Default Award that Petitioner is seeking to confirm ("Award" (Dkt. #13-6)).

The Court also cites to the Declaration of Paige Davis ("Davis Decl." (Dkt. #14)), and the exhibit attached thereto, which comprise Virginia & Ambinder, LLP's billing records and itemization of costs of suit ("Time Sheets" (Dkt. #14-1)).

Finally, this Opinion cites to the Complaint ("Compl." (Dkt. #1)) and to Petitioner's Local Civil Rule 56.1 Statement of Material Facts ("Pet'r 56.1" (Dkt. #15)), the latter of which is uncontested. For ease of reference, the Court refers to Petitioner's brief in support of its motion for summary judgment as "Pet'r Br." (Dkt. #16).

As relevant here, at Article XIV, Section 2, the CBA outlines a grievance procedure requiring any complaint that is not resolved through negotiation to be submitted to arbitration. (CBA, art. XIV, § 2). The Section states that the arbitrator "shall have the power to render a decision based on the testimony before him," and that, "[t]he decision of the arbitrator shall be final and binding upon both parties." (*Id.*). Finally, Section 4 provides that "[u]pon the confirmation of the arbitrator's award, the prevailing party shall, or on any appeal therefrom, be entitled to receive all court costs in each proceeding as well as reasonable counsel fees." (*Id.* at § 4).

The dispute giving rise to the instant litigation arose on August 9, 2016, when Respondent failed to notify Petitioner of a job, located at 435 West 116th Street in Manhattan, in violation of the CBA. (Grievance Form). Petitioner filed a Grievance Form, and the dispute was submitted to arbitration. (*Id.*; Pet'r 56.1 ¶ 15). On June 30, 2017, Petitioner served a Demand for Arbitration and Notice of Hearing on Respondent. (Pet'r 56.1 ¶ 16 (citing Arbitration Demand)).

On August 14, 2017, the Arbitrator held a hearing, at which no one appeared on behalf of Respondent. (Award 1). The Arbitrator proceeded to hear the testimony of Petitioner and

> found that Respondent was in violation of the terms of the CBA and directed Respondent to pay $3,413.90, which consists of the following: (1) wages for 35 hours at the rate of $50.50 per hour in the amount of $1,767.50; (2) fringe benefits for 35 hours at the rate of $46.65 per hour in the amount of $1,632.75; and (3) promotional fund contributions for 35 hours at the rate of $0.39 per hour in the amount of $13.65.

3

(Pet'r 56.1 ¶ 18; *see also* Award 2). In addition, Respondent was liable for one half of the arbitrator's fees in the amount of $1,000, bringing the total amount of the Award to $4,413.90. (*Id.*). To date, Respondent has not complied with the terms of the Award. (Pet'r 56.1 ¶ 20).

**B.   Procedural Background**

Petitioner brought the instant action against Respondent on February 13, 2018. (Dkt. #1). In response to this Court's May 11, 2018 Order (Dkt. #9), on May 25, 2018, Petitioner filed a motion for summary judgment and supporting papers (Dkt. #12-17). In addition to seeking to confirm the arbitration award, and to include post-judgment interest at the statutory rate,[2] Petitioner asks this Court to award $4,186.00 in attorneys' fees and $508.97 in legal costs. (Pet'r Br. 7).

## DISCUSSION

**A.   The Court Confirms the Arbitration Award**

**1.   Applicable Law**

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S.

---

[2]   Under 28 U.S.C. § 1961, awards of post-judgment interest in actions to confirm arbitration are mandatory. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018).

4

574, 578 (1960)).[3] Accordingly, judicial "review of an arbitration award under the LMRA is ... 'very limited.'" *Id.* (quoting *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam)). "[U]nless the award is procured through fraud or dishonesty ... the arbitrator's factual findings, interpretation of the contract[,] and suggested remedies" are binding on the reviewing court. *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (first alteration in original) (internal quotation marks omitted) (quoting *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O.* v. *Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)), *reconsideration denied*, 2016 WL 3911978 (S.D.N.Y. July 15, 2016).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but" instead may "inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. A reviewing court's "task

---

[3] The LMRA, not the Federal Arbitration Act (the "FAA"), governs this Court's review of Petitioner's motion to confirm. "[I]n cases brought under Section 301 of the [LMRA] ... the FAA does not apply." *Coca-Cola Bottling Co. of N.Y.* v. *Soft Drink & Brewery Workers Union Local 812 Int'l Bhd. of Teamsters*, 242 F.3d 52, 53 (2d Cir. 2001). And Section 301 of the LMRA "serves as the foundation for a substantive body of federal law that is 'analytically distinct from the [FAA].'" *1199 SEIU United Healthcare Workers E.* v. *Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) (quoting *Westerbeke Corp.* v. *Daihatsu Motor Co.*, 304 F.3d 200, 221 (2d Cir. 2002)). Nonetheless, "the FAA is useful as a source of principles to guide the development of law under LMRA § 301 ... particularly [ ] in the context of a petition to confirm or vacate an arbitration award." *Id.* Both statutes call for courts to be "extremely deferential" when reviewing arbitration awards. *Supreme Oil Co.* v. *Abondolo*, 568 F. Supp. 2d 401, 405 (S.D.N.Y. 2008).

is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award 'draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice,' it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

Thus, "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund* v. *Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014) (internal quotation marks omitted) (quoting *N.Y. Med. Ctr. of Queens* v. *1199 SEIU United Healthcare Workers E.*, No. 11 Civ. 4421 (ENV) (RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012)). "When a petition to confirm an arbitration award is unopposed, courts should generally treat 'the petition and accompanying record ... as akin to a motion for summary judgment.'" *Id.* at *2 (omission in original) (quoting *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)). "Thus, like unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *D.H. Blair & Co.*, 462 F.3d at 110).

## 2. Analysis

Viewed in light of the LMRA, the undisputed facts of this case make plain that the Court must confirm the Award. The CBA required Respondent to notify Petitioner of the awarding of any contract to perform Covered Work. In addition, the CBA entitled Petitioner to pursue arbitration if Respondent failed to so notify. Petitioner determined that Respondent failed to notify Petitioner of the Covered Work located at 435 West 116th Street on August 9, 2016. Petitioner filed a Demand for Arbitration, and served Respondent with a Notice of Intention to Arbitrate. On the basis of the CBA and the unopposed testimony of Charles Virginia, Esq., appearing on behalf of Petitioner, the arbitrator found that Respondent "violated the Collective Bargaining Agreement when it failed to notify [Petitioner] of [the covered] job." (Award 2). The arbitrator rendered a written decision directing Respondent to pay a total amount of $4,413.90 for wages, fringe benefits, and promotional fund contributions for 35 hours, as well half of the arbitrator's fee. (*See id.*).

Put simply, the arbitrator properly construed and applied the CBA when it issued the Award. The LMRA, in turn, requires the Court to confirm the Award.

## B. The Court Grants Petitioner's Application for Attorneys' Fees and Costs

### 1. Applicable Law

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'" *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*,

No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Id.*  However, an award of attorneys' fees and court costs is proper when consistent with the parties' contractual obligations under the CBA.  *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017).  When the contract requires payment, parties may recover attorney's fees in accordance with its terms.

In addition, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith."  *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012).  "In confirmation proceedings, 'the guiding principle has been stated as follows:  [W]hen a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'"  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

Determining whether an attorney's fee is reasonable requires a court to assess that attorney's hourly rate and the number of hours she billed at that

rate. "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'" *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)). An hourly rate is considered reasonable when it is comparable to the prevailing rates in the community for similar services by lawyers of commensurate skill. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012). And "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." *Plaza Constr. Grp.*, 2016 WL 3951187, at *2 (internal quotation marks and citation omitted).

As for costs, judges in this District "routinely permit[ ]" attorneys to recoup "filing fees, service of process fees, charges for delivery of the summons and petition to the process server, and for service of orders and motion papers on" an opposing party. *Plaza Constr. Grp.*, 2016 WL 3951187, at *2.

### 2. Analysis

Petitioner seeks $4,694.97 in attorneys' fees and costs. Because Respondent agreed to a CBA that specified for the recovery of fees and costs in these circumstances; failed to participate in the initial arbitration after receiving notice; and did not oppose the Petitioner's application for confirmation of the arbitration award, the Court concludes that Petitioner is entitled to recover its fees and costs from the instant action. And because the

fees and costs Petitioner has requested are reasonable, the Court grants its request in full.

*First*, the requested $4,186.00 fee is reasonable. In support of that request, Petitioner submitted attorney time records documenting the hours worked and activities performed in support of this action. (*See* Time Sheets). A total of 21.70 hours of work was completed by one associate, who billed at $250 per hour, one "of counsel," who billed at $250 and $300 per hour, and several legal assistants, who billed at $90 and $100 per hour. (*See id.*). On review of the contemporaneous time records, compared against the prevailing rates in the community, the amounts requested are reasonable. *See, e.g., Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Coastal Envtl. Grp., Inc.*, No. 16 Civ. 6004 (GHW), 2016 WL 7335672, at *4 (S.D.N.Y. Dec. 16, 2016) (noting, in 2016, that rates $300 per hour for "of counsel," $225 per hour for associates and law clerks, and $100 per hour for paralegals were reasonable). In addition, other judges in the Second Circuit have awarded similar fees in confirmation proceedings for Virginia & Ambinder, LLP ("V&A") attorneys and legal assistants. *See, e.g., Trs. of N.Y. Dist. Council of Carpenters Pension Fund* v. *Metro. Fine Mill Work Corp.*, No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *5 (S.D.N.Y. May 12, 2015) (approving rates of $225 for V&A's associates and $100 for its legal assistants). This Court finds that the billing rate and hours are reasonable and grants the application for $4,186.00.

This Court also finds that Petitioner's request for $508.97 in costs is reasonable. This figure consists primarily of the $400.000 court filing fee and

$80.00 court service fee, along with miscellaneous mailing costs. (*See* Time Sheets). "Recovery of such costs is routinely permitted." *Plaza Constr. Grp., Inc.*, 2016 WL 3951187, at *2.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for summary judgment to confirm the Award is GRANTED. The Clerk of Court shall enter judgment for Petitioner and against Respondent in the amount of $9,108.87, which consists of the arbitration award of $4,413.90 plus $4,694.97 in attorneys' fees and costs. Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: October 11, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge